IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRION DAY SHAWN BROWN                          PLAINTIFF

v.                  Civil No. 2:22-CV-04075-SOH-BAB

DEBRA JORDAN, Jailer/Nurse, Nevada
County Jail                                                              DEFENDANTS

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I.      BACKGROUND

Proceeding *pro se*, Plaintiff, an inmate at the Nevada County Detention Center (NCDC), initially filed this civil rights complaint in the Eastern District of Arkansas on August 24, 2022, generally alleging that he has been wheezing and experiencing a shortness of breath since he was sold e-cigarettes at the NCDC, but he has not seen a doctor, despite putting in a grievance. (ECF No. 2). The Eastern District of Arkansas ordered the case be transferred to this District on August 26, 2022, because NCDC—where Plaintiff is currently incarcerated and where the allegations underpinning Plaintiff's claims took place—is located in this District. (ECF No. 3).

On August 29, 2022, this Court issued an Order directing Plaintiff to file an Amended Complaint and submit a complete *in forma pauperis* (IFP) application by September 20, 2022. Plaintiff was warned that failure to comply with this Order would result in a recommendation this

1

matter be dismissed for failure to prosecute. (ECF No. 7). This Order was not returned as undeliverable. On September 27, 2022, this Court issued an order directing Plaintiff to show cause why this matter should not be dismissed for failure to comply with the August 29, 2022, order. (ECF No. 8). In response, the Court received a letter from Plaintiff informing the Court that he is not able to pay the fee because he is "just sitting [at the Nevada County Jail] and the jail wont [sic] take the money off my book's [sic] because it's against them." (EF No. 9). The Court has received no further communication from Plaintiff and the deadline for submitting an amended complaint and a complete IFP application has long ago passed.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Here, Plaintiff has failed to comply with the Court's order directing him to submit an amended complaint and a complete IFP application. (ECF No. 7). Plaintiff's contention that he failed to comply with the Court's orders because he cannot pay the filing fee and the facility will not deduct the money from his books is not persuasive. Because Plaintiff qualifies as "prisoner," this case is subject to the requirements of the Prison Litigation Reform Act (PRLA). *See* 28 U.S.C.

§ 1915 *et seq*. As such, if Plaintiff qualifies to proceed *in forma pauperis* (IFP), he is not excused from paying the full filing fee. Rather, under 28 U.S.C. § 1915(b), after paying the initial partial filing fee, Plaintiff is required to pay the balance of the filing fee in installments, regardless of whether he succeeds in his action. *Id.* The first step, however, is for Plaintiff to submit the necessary financial information so that the Court can calculate the initial partial filing fee. Plaintiff offers no reasonable explanation as to why he has not submitted the required information—specifically a copy of his certificate of inmate account—within the timeframe provided. Plaintiff's purported concerns about the *collection* of this money—allegations that the facility will not deduct the money from his account—does not excuse him from submitting the required financial information.

The filing fee is only one side of the coin. Because of Plaintiff's status as a "prisoner," his complaint is also subject to preservice screening pursuant to 28 U.S.C. § 1915A(a). Upon preliminary review under 28 U.S.C. § 1915A(a), this Court directed Plaintiff to submit an amended complaint to correct potential legal and factual deficiencies with the Complaint. Plaintiff failed to do so, and he offers no explanation as to why he did not comply with this aspect of the Court's order. Accordingly, because Plaintiff has not offered a reasonable explanation for his failure to comply with the Court's order, (ECF No. 7), this Court recommends that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## IV.   CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 2) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of October 2022.

/s/ Barry A. Bryant
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE